**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHARLOTTE MACKNIGHT,**

      **Plaintiff,**

                              **Case No. 2:20-cv-4508**

  **vs.**

                              **Magistrate Judge Elizabeth P. Deavers**

**BOULDER HEALTHCARE, LLC,**
*et al.,*

      **Defendants.**

<u>**OPINION AND ORDER**</u>

Plaintiff filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; O.R.C. § 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"). The parties represent that they have executed a Settlement Agreement and Mutual Release and have filed a Joint Motion to File Settlement Agreement Under Seal. (ECF No. 25.) For the following reasons, this Motion is **DENIED**.

**I.**

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can

justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp*., 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig*., 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).   Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'"  *In re Nat'l Prescription Opiate Litig*., 927 F.3d at 940 (quoting *Shane Grp*., 825 F.3d at 305).  If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'"  *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

2

**II.**

These principles, as specifically applicable to FLSA cases, were addressed by the Court

in *Fairfax v. Hogan Transportation Equip., Inc.,* No. 2:16-CV-680, 2019 WL 466148, at *2

(S.D. Ohio Feb. 6, 2019) as follows:

> "The party requesting to seal court records bears a heavy burden to overturn" the
> presumption in favor of public access to court records, "and that burden only gets
> heavier the 'greater the public interest in the litigation's subject matter.'" *Stanley v.
> Turner Oil & Gas Props., Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D.
> Ohio July 24, 2017) (quoting *Shane Grp.*, 825 F.3d at 305). "The public has a keen
> interest in the outcome of FLSA litigation, and as such, 'sealing a FLSA settlement
> rarely, if ever, will be shown to outweigh the public right to access of judicial
> documents.'" *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski v. Ruben &
> Michelle Enters. Inc.*, No. 16-CV-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar.
> 3, 2017)). "In the Sixth Circuit and elsewhere, the 'great weight of authority' favors
> open court documents generally and favors open FLSA settlement agreements
> specifically." *Stanley*, 2017 WL 5068444, at *1 (quoting *Smolinski*, 2017 WL
> 835592, at *3); *see also Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016
> WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) ("Although the Sixth Circuit has not
> yet weighed in on this issue, the overwhelming majority of trial courts to consider
> whether to approve confidential settlements in FLSA cases have held that there is
> a strong presumption in favor of public access to settlement agreements in these
> cases."). As a general rule, "[a]bsent an 'extraordinary reason,' such settlement
> agreements should not be sealed." *Zego*, 2016 WL 4449648, at *1.

*Id.*; *see also Schmalenberg v. Dysphagia Mgmt. Sys*., LLC, No. 1:18-CV-99, 2019 WL 978472,

at *2 (S.D. Ohio Feb. 28, 2019) (quoting *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016

WL 4449648, at * 1 (S.D. Ohio Aug. 24, 2016) ( "As a general rule, FLSA settlement

agreements should not be sealed absent an 'extraordinary reason.'")

The parties' motion here does not satisfy the above standards for several reasons. First,

the parties cite the Agreement's confidentiality provision and contend, contrary to the above

authority, that courts in Ohio "routinely permit the filing of settlement agreements under seal at

the request of the Parties, including where, as here, the allegations pertained to the Fair Labor

Standards Act." (ECF No. 25 at 2.)

Further, the parties cite Plaintiff's privacy rights and unspecified business considerations in support of their motion.  (ECF No. 25 at 3.)  Privacy interests, such as keeping pay rates or settlement amounts confidential, have not been found to outweigh the public interest in access to FLSA settlement agreements.  *Stanley v. Turner Oil & Gas Properties, Inc*., No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017).  This also has been the case with respect to general concerns such as" negative feelings, attitudes, unwarranted publicity, discrimination, and harassment for some or all of the parties."  *Camp v. Marquee Constr., Inc.,* No. 2:18-CV-831, 2020 WL 59517, at *2 (S.D. Ohio Jan. 6, 2020). Similarly, general business interests likewise have been found to be insufficient.  *See, e.g., David v. Kohler Co*., No. 115CV01263STAJAY, 2019 WL 6719840, at *4 (W.D. Tenn. Dec. 10, 2019) (Defendant's "privacy interests in its own business affairs are not enough to justify sealing the agreement").  The same is true as to the possibility of increased litigation or the manipulation of any future settlement negotiations. *Camp*, 2020 WL 59517, at *2.

Finally, the Court is not persuaded by the parties' argument that, because this case is not a collective action and consists of only a single Plaintiff, there is no need for public disclosure of the Settlement Agreement.  (ECF No. 25 at 3.)  "'[T]he public has an interest in the outcome of FLSA litigations, regardless of the number of plaintiffs in the case." *Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *5 (N.D. Ohio Nov. 17, 2020) (quoting *Camp*, 2020 WL 59517, at *1); *see also Schmalenberg,* 2019 WL 978472, at *2 (denying parties' joint motion to seal settlement in FLSA wage and hour case where there was only one plaintiff). The parties provide no compelling explanation as to why the public interest is any less here.  Moreover, as the Court recognized in *Camp*, "'the public has a keen interest in the outcome of FLSA litigation, and as such, sealing a FLSA settlement rarely, if ever, will be

4

shown to outweigh the public right to access of judicial documents.'" *Camp,* 2020 WL 59517, at

*2 (S.D. Ohio Jan. 6, 2020) (quoting *Stanley,* 2017 WL 5068444, at 1).

**III.**

For the reasons set forth above, the Joint Motion to File Settlement Agreement Under

Seal (ECF No. 25) is **DENIED.**


        **IT IS SO ORDERED.**

                              */s/ Elizabeth A. Preston Deavers*
**DATED:  February 4, 2021**         **ELIZABETH A. PRESTON DEAVERS**
                              **UNITED STATES MAGISTRATE JUDGE**